NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0437n.06

CASE Nos. 16-1650/1706/1707/1708

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | ) | **FILED**<br>Aug 20, 2019<br>DEBORAH S. HUNT, Clerk |
| *Plaintiff-Appellee*, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| NATHANIEL PEMBROOK, SHAEED CALHOUN, DAVID BRILEY, and ORLANDO JOHNSON, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| *Defendants-Appellants*. | ) | |
|  | ) | |

**Before: BATCHELDER, GIBBONS, and COOK, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Upon convictions for robbery, conspiracy, and firearms charges, the district court imposed lengthy prison sentences on four co-defendants. On appeal, we affirmed. *United States v. Pembrook*, 876 F.3d 812 (6th Cir. 2017).

In that appeal the defendants argued that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, so the § 924(c) minimum sentences did not apply and resentencing was warranted. We rejected that argument based on then-binding Sixth Circuit precedent, but acknowledged that if the defendants were correct, that would warrant resentencing. *Id.* at 830-31.

The defendants petitioned the Supreme Court for certiorari and the Court remanded for reconsideration of this issue. *See*, *e.g.*, *Pembrook v. United States*, 139 S.Ct. 68 (2018). In the meantime, the Court has now held that that § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, No. 18-431, 588 U.S. - -, 2019 WL 2570623, at *13 (June 24, 2019).

Consequently, we remand these cases to the district court for resentencing.